## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ELIJAH DICKSON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PHILADELPHIA, PENNSYLVANIA** | : | |
| **POLICE HEADQUARTERS**, *et al.*, | : | **NO. 18-612** |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**GOLDBERG, J.**                                                                                    **MARCH 14, 2018**

James Elijah Dickson, a state inmate currently incarcerated at SCI Albion, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the Philadelphia Police Headquarters, the Philadelphia Inquirer/Metro, and WPVI-6 ABC News. Mr. Dickson also filed a motion to proceed *in forma pauperis*. By Order entered on February 15, 2018, the Court granted Mr. Dickson leave to proceed *in forma pauperis*, dismissed his Complaint, and provided leave to file an amended complaint within thirty (30) days. (ECF No. 3.) Specifically, the Court noted that the Philadelphia Police Headquarters is not a "person" that can be sued under § 1983 and that nothing in Mr. Dickson's Complaint suggested that the Philadelphia Inquirer/Metro and WPVI-6 ABC News were state actors. (*Id.* at 2-3.)

On March 8, 2018, the Court received a request for an extension of time to file an amended complaint from Mr. Dickson. (ECF No. 5.) Four (4) days later, the Court received Mr. Dickson's Amended Complaint. (ECF No. 6.) In the Amended Complaint, Mr. Dickson has named Philadelphia Police Chief Inspector Joe Sullivan and reporters Sam Newhouse, Walter Perez, and Trish Hartman as defendants. For the following reasons, the Court will dismiss Mr. Dickson's Amended Complaint and will deny as moot his request for an extension of time.

## I.    FACTS

In his Amended Complaint, Mr. Dickson alleges that Joe Sullivan, the Chief Inspector for the Philadelphia Police, "is responsible for defamation of [his] character." (Am. Compl. at 2.) According to Mr. Dickson, Sullivan "slander[ed] and hurt [his] reputation" by advertising false statements about him. (*Id.*)  He alleges that "this misconduct has violated [his] rights of due process by imputing to the public criminal guilt defamation of [his] character." (*Id.*)

Mr. Dickson further alleges that Newhouse, Perez, and Hartman, who are all reporters, defamed him by publishing the false statements made by Sullivan. (*Id.* at 3-4.)  Specifically, Mr. Dickson states that they falsely published statements indicating that he murdered his brother and his brother's girlfriend. (*Id.* at 3.)  He also indicates that they falsely broadcast that the dead "include Dickson's brother, his brother's girlfriend, and another man." (*Id.* at 4.)  As relief, he seeks "compensation" for "defamation, slander claims." (*Id.* at 5.)

## II.    STANDARD OF REVIEW

Because the Court previously granted Mr. Dickson leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Mr. Dickson's Amended Complaint.  That statute requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*  As Mr. Dickson is proceeding

*pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

As noted above, Mr. Dickson seeks to hold the Defendants liable for defaming him by advertising and publishing false statements about him.  He alleges that this defamation violated his "rights of due process by imputing to the public criminal guilt defamation of [his] character." (Am. Compl. at 2.)

An individual does not have a protected interest in reputation alone.  *See Thomas v. Indep. Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution."  *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12).  Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation <u>plus</u> deprivation of some additional right or interest").  Nothing in Mr. Dickson's Amended Complaint, however, alleges that he was deprived of "some additional right or interest" because of the allegedly false statements made by Sullivan.  Thus, the Amended Complaint fails to state an actionable defamation claim pursuant to § 1983 against the Defendants.[1]

---

[1] Moreover, nothing in the Amended Complaint sets forth a basis for concluding that reporters Newhouse, Perez, and Hartman could be considered state actors subject to liability under § 1983.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quotation omitted); *Harper v. Harrell*, No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Mr. Dickson's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mr. Dickson's federal claims, brought pursuant to 42 U.S.C. § 1983, will be dismissed with prejudice.  Any state law claims that Mr. Dickson may assert will be dismissed without prejudice to him filing them in state court.[2]  Mr. Dickson may not file a second amended complaint in this matter.  An appropriate Order follows, which shall be docketed separately.

---

News, Fox 29 News, and their employees could not be considered state actors liable for defamation pursuant to § 1983).

[2] The Court takes no position with respect to the merits or the timeliness of any state law claims that Mr. Dickson may raise.  It does not appear that there is an independent basis for the Court to exercise jurisdiction over any such claims.